UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 13 |
| TRACEY JEANIA FELDER | : | CASE NUMBER A15-73967-CRM |
| DEBTOR | : | |

## CHAPTER 13 TRUSTEE'S OBJECTION TO CONFIRMATION AND MOTION TO DISMISS CASE

COMES NOW, Nancy J. Whaley the Standing Chapter 13 Trustee herein, and objects to Confirmation of the plan for the following reasons:

1.

The Debtor's payments under the proposed plan are not current, thus indicating that this plan is not feasible.  11 U.S.C. 1325(a)(6).

2.

The Chapter 13 Trustee is unable to determine the feasibility of the Debtor's Chapter 13 Plan because Internal Revenue Service records indicate tax returns have not been filed for the period ending December 31, 2014.  The failure to file tax returns for the four (4) year period prior to the filing of the bankruptcy case is in violation of 11 U.S.C. Section 1308.

3.

The Trustee requests a copy of the 2015 tax return and proof of income and expenses in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

4.

The Debtor has failed to provide to the Trustee a copy of the last tax return filed with Internal Revenue Service in violation of 11 U.S.C. Section 521(e)(2)(A).  (2014)

5.

The Trustee requests copies of the 2014 and 2015 tax returns for Debtor's corporation in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

6.

The Trustee requests proof of funding of a tax escrow account pursuant to Schedule J which reflects a monthly tax payment obligation. 11 U.S.C. Section 1325(a)(6).

7.

The Chapter 13 budget fails to provide for the monthly expense of post-petition income tax liability on self-employment income, and tax escrow slips have not been submitted, thereby indicating the proposed plan is infeasible, 11 U.S.C. Section 1325(a)(6).

8.

The Debtor has failed to file the sixty (60) days of pay advices pursuant to 11 U.S.C. Section 521(a)(1).

9.

After review of scheduled income and anticipated household expenses, Debtor's proposed budget may fail to provide sufficient funds for ordinary living expenses in possible violation of 11 U.S.C. Section 1325(a)(6).

10.

The Chapter 13 Trustee requests proof of the post-petition mortgage payments in order to determine feasibility of proposed plan pursuant to 11 U.S.C. 1325(a)(6).

11.

Debtor has failed to respond to Questions 18 through 25 of the Statement of Financial Affairs, responses which are required for any self-employed person(s), partner (other than limited partner) or sole proprietor, thereby preventing the Trustee from evaluating feasibility, in violation of 11 U.S.C. Section 1325 (a)(6) and 11 U.S.C. Section 521(a)1(B)(iii). (5 Star Enterprises)

12.

Debtor is self-employed; however, Schedule J does not include an itemization for business expenses, thereby preventing the Trustee from evaluating feasibility, in violation of 11 U.S.C. Section 1325(a)(6).

13.

The plan fails to treat Internal Revenue as priority in violation of 11 U.S.C. Section 1322(a)(3) and/or 11 U.S.C. Section 502(a).

14.

Debtor's plan provides for payments to be paid to the secured creditor, Georgia Department or Revenue.  This creditor has filed a proof of claim as an unsecured priority and/or general unsecured creditor. Therefore, the Trustee opposes this payment to this creditor as it creates an impermissible class in violation of 11 U.S.C. Section 1322(a)(3).

15.

The above-styled Debtor received a Chapter 7 discharge in 2011, thereby indicating a lack of good faith in proposing a zero percent (0%) composition plan. 11 U.S.C. Section 1325(a)(3).

16.

The Trustee requests copies of bank statements for 5-Star Enterprises for November, 2015 through January, 2016 in order to determine the accuracy and veracity of the plan and/or Schedules.  11 U.S.C. 521(1), 1325(a)(3), 1325(b)(1)(B).

17.

Official Form 22C filed in this case fails to disclose all of the Debtors' gross income in the six months preceding the filing of this case for determination of the applicable commitment period.  11 U.S.C. Section 1325(b)(4)

18.

The Chapter 13 plan proposes to pay $4,500.00 to the Debtor's attorney for payment of attorney fees.  Due to the apparent lack of complexity of the case, the Trustee is unable to determine whether this is a reasonable fee and would request that Debtor's counsel appear at Confirmation and be prepared to present evidence to the Court regarding the reasonableness of the requested fee.

WHEREFORE, the Trustee moves the Court to inquire into the above objections, deny Confirmation of the Debtor's plan and dismiss the case.

                Respectfully Submitted,

                /s/
                Eric W. Roach, Attorney for Chapter 13 Trustee
                GA Bar No. 143194
                303 Peachtree Center Ave, NE,
                Suite 120

*/tw*            Atlanta, Georgia 30303     (678) 992-1201

# CERTIFICATE OF SERVICE

Case No: A15-73967-CRM

This is to certify that I have this day served the following with a copy of the foregoing Chapter 13 Trustee's Objection to Confirmation by depositing in the United States mail a copy of same in a properly addressed envelope with adequate postage thereon.

**Debtor(s):**
TRACEY JEANIA FELDER
128 MONTCLAIR PL
ELLENWOOD, GA  30294

**By Consent of the parties,** the following have received an electronic copy of the foregoing Chapter 13 Trustee's Objection to Confirmation through the Court's Electronic Case Filing system.

**Attorney for the Debtor(s):**
KING & KING LAW LLC
notices@kingkingllc.com

This the 12th day of February, 2016.

/s/_____
   Eric W. Roach
   Attorney for the Chapter 13 Trustee
   State Bar No. 143194
   303 Peachtree Center Avenue, NE
   Suite 120
   Atlanta, GA 30303
   678-992-1201